IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE

Civil Case No. 15-cv-01777-LTB

UNITED STATES FOR THE USE AND BENEFIT OF CRUX SUBSURFACE, INC., and
CRUX SUBSURFACE, INC.,

       Plaintiffs,

v.

TK CONSTRUCTION US, LLC, also known as TK CONSTRUCTION, and
NORTH AMERICAN SPECIALTY INSURANCE COMPANY,

       Defendants.
_____

**ORDER**
_____

       This matter comes before me on Defendant North American Specialty Insurance Company's ("NASIC") Motion to Dismiss for Improper Venue [Doc. # 11] and Plaintiff Crux Subsurface, Inc.'s Motion, in the Alternative, to Transfer Proceeding to District of Idaho Pursuant to 28 U.S.C. § 1406(a) [Doc. # 15].  I have reviewed all briefing on the motions and have determined that oral argument would not materially assist me in deciding them.  As I explain below, I **GRANT** the former motion because this Court is not a proper venue for Plaintiffs' ("Crux") claim under the Miller Act, 40 U.S.C. § 3131, *et seq.*  I **DENY** the latter motion because a transfer of venue is not "in the interest of justice" under Section 1406 where, as here, the party seeking transfer fails to provide a colorable justification for having filed its case in an obviously improper venue.  Accordingly, I **DISMISS** the complaint [Doc. # 1] without prejudice.

## I. Background

The following facts are drawn from the complaint and the attachments thereto. Crux is incorporated in Delaware and has its principal place of business in Washington state. Compl. ¶ 3 [Doc. # 1]. TK Construction US, LLC, a/k/a TK Construction ("TK") is incorporated in Colorado and has its principal place of business here. *Id.* ¶ 4. In June 2014, Crux and TK entered into a written agreement by which Crux agreed to work as a subcontractor "provid[ing] quality control" services on a federally-funded construction project for which TK was the general contractor. *Id.* ¶ 6; Ex. 1 to *id.* at 6 [Doc. # 1-1]. The construction project involved the "Banks Lowman Highway [in] Idaho." *Id.*

The agreement required TK to pay Crux's invoices upon receipt. *Id.* at 3. Between June 2014 and October 2014, Crux invoiced TK for a total of $111,300 in work performed pursuant to the agreement. Compl. ¶ 8 [Doc. # 1]. TK did not pay the invoices and, on November 10, 2014, Crux sent a letter demanding payment. *Id.* ¶ 10; Ex. 3 to Compl. [Doc. # 1-3]. TK eventually paid $37,800, leaving an outstanding balance of $73,500. On August 17, 2015, Crux brought this lawsuit, in which it sues TK and NASIC, an insurer that issued a payment bond to TK. Compl. ¶¶ 5, 7 [Doc. # 1]. Crux sues TK under state law for breach of contract and, alternatively, quantum meruit. *Id.* ¶¶ 14-23. Crux sues NASIC for payment under the payment bond pursuant to the federal Miller Act. *Id.* ¶¶ 24-27. Crux alleges federal question jurisdiction over the Miller Act claim and supplemental jurisdiction over the state law claims. *Id.* ¶ 1.

In its motion, NASIC argues that the District of Idaho, rather than the District of Colorado, is the only proper venue for this case. Crux does not dispute this and has filed a motion asking the Court to transfer this case to the District of Idaho in the interest of justice

pursuant to Section 1406.  NASIC opposes the transfer request and maintains that dismissal is the proper course.  NASIC points out that Crux has not identified any factual uncertainties that might have led it to believe that this District was the proper venue.  NASIC argues that it is not in the interest of justice to transfer a case where the plaintiff fails to identify any arguable basis for having filed its case in an improper venue.  Crux disagrees, urging a "broad reading" of Section 1406 and arguing that "[t]ransferring this case as opposed to dismissing it is a common-sense solution that would serve judicial economy."  Doc. # 19 ¶¶ 3, 5.

## II.  Law

Where venue is challenged, the plaintiff has the burden of coming forward with specific facts showing that venue is proper.  *See Gwynn v. TransCor Am., Inc.*, 26 F. Supp. 2d 1256, 1261 (D. Colo. 1998).  "Plaintiff has the burden of establishing that venue is proper as to each claim and as to each defendant."  *Id.*  If the court determines that venue is improper, it "shall dismiss, or if it be in the interest of justice, transfer [the] case to any district or division in which it could have been brought."  28 U.S.C. § 1406(a); *Pierce v. Shorty Small's of Branson Inc.*, 137 F.3d 1190, 1191 (10th Cir. 1998).  The party seeking a transfer of venue has the burden of proving that transfer is in the interest of justice.  *See, e.g., S & L Birchwood, LLC v. LFC Capital, Inc.*, 752 F. Supp. 2d 280, 284 (E.D.N.Y. 2010); *Johnson v. Gen. Dynamics Info. Tech., Inc.*, 675 F. Supp. 2d 236, 239 (D.N.H. 2009); *see also Chrysler Credit Corp. v. Country Chrysler, Inc.,* 928 F.2d 1509, 1515 (10th Cir. 1991) (holding same with respect to transfer under 28 U.S.C. § 1404(a)).

## III.  Analysis

The Miller Act "requires prime contractors on major federal construction projects to post

3

a payment bond to protect subcontractors" and creates a civil cause of action for "[e]very person that has furnished labor or material in carrying out work provided for in a contract for which a payment bond is furnished" pursuant to the Act. *U.S. for Use of C.J.C., Inc. v. W. States Mech. Contractors, Inc.*, 834 F.2d 1533, 1537 (10th Cir. 1987); 40 U.S.C. § 3133(b)(1). The Act provides—under a heading entitled "Venue"—that such a "civil action . . . must be brought . . . in the United States District Court for any district in which the contract was to be performed and executed, regardless of the amount in controversy." 40 U.S.C. § 3133(b)(3). The "district in which the contract was to be performed and executed" is generally the "project site of the Government project." *See, e.g., U.S. ex rel. Norshield Corp. v. E.C. Scarborough*, 620 F. Supp. 2d 1292, 1295 (M.D. Ala. 2009) (collecting cites). Crux has not disputed what is plain from the complaint and the parties' written agreement: that the contract was to be performed and executed solely in Idaho, where the Banks Lowman Highway construction project was located. Therefore, the District of Idaho is the proper venue for Crux's Miller Act claim. It is also a proper venue for Crux's state law claims. *See* 28 U.S.C. § 1391(b)(2).

I must now determine whether to dismiss this case or transfer it to the District of Idaho. Factors warranting transfer instead of dismissal include "finding that the new action would be time barred; that the claims are likely to have merit; and that the original action was filed in good faith rather than filed after plaintiff either realized or should have realized that the forum in which he or she filed was improper." *Trujillo v. Williams*, 465 F.3d 1210, 1223 (10th Cir. 2006) (internal quotations and citations omitted); *Faulkenburg v. Weir*, 350 F. App'x 208, 209 (10th Cir. 2009). A district court is within its discretion to deny a transfer where "a plaintiff either realized or should have realized that the forum in which he or she filed was improper," and

"[t]his is so even if the statute of limitations would now prevent the plaintiff from filing in the proper forum." *Keaveney v. Larimer*, No. 00-2213, 2000 WL 1853994, at * 2 (10th Cir. 2000) (citing *Trierweiler v. Croxton & Trench Holding Corp.*, 90 F.3d 1523, 1544 (10th Cir. 1996)) (internal quotations and additional citations omitted). For example, the Tenth Circuit affirmed a decision to dismiss rather than transfer a case where venue did not "turn[] on the existence of some elusive fact about which [the plaintiff] made an erroneous guess; to the contrary, the plaintiff simply "committed an obvious error." *Keaveney*, 2000 WL 1853994, at *2 (internal quotations and citations omitted).

Decisions of other courts of appeal confirm that, where a plaintiff "has failed to offer even one reason, plausible or not, for filing in what was obviously the wrong venue—and no reason at all for failing to file in the proper district"—the district court may dismiss rather than transfer the case under Section 1406. *Stanifer v. Brannan*, 564 F.3d 455, 458 (6th Cir. 2009); *see also Nichols v. G.D. Searle & Co.*, 991 F.2d 1195, 1201-02 (4th Cir. 1993) (where "plaintiff's attorney could reasonably have foreseen that the forum in which he/she filed was improper," district court did not abuse discretion in dismissing rather than transferring case under Section 1406); *Spar, Inc. v. Info. Res., Inc.*, 956 F.2d 392, 394 (2d Cir. 1992) ("[A]llowing a transfer in this case would reward plaintiffs for their lack of diligence in choosing a proper forum and thus would not be in the interest of justice."); *Dubin v. United States*, 380 F.2d 813, 816 (5th Cir. 1967) ("It is obviously not 'in the interest of justice' to allow this section to be used to aid a non-diligent plaintiff who knowingly files a case in the wrong district.").

Here, Crux has not provided a satisfactory explanation for its decision to file in the District of Colorado. The closest Crux comes is its assertion that it "filed in Colorado because

[TK] is a Colorado limited liability company with its principal place of business in Grand Junction, and [therefore] Crux was entitled to bring its state law claims against [TK] in Colorado." Doc. # 19 ¶ 4. Even if true, these facts do not explain why Crux believed this District a proper venue for its Miller Act claim, given that the contract was to be performed and executed solely in Idaho. *See* 40 U.S.C. § 3133(b)(3). Crux alleges that the Court has only supplemental jurisdiction over its state law claims. Compl. ¶ 1 [Doc. # 1] (citing 28 U.S.C. § 1367). That is, the Court's jurisdiction over those claims is predicated on the presence of the federal Miller Act claim. So Crux's belief about where it could have filed those claims by themselves is not relevant in any event.

Accordingly, Crux has identified no "elusive facts" pertaining to venue that might explain its decision to file suit in this Court. *Keaveney*, 2000 WL 1853994, at *2. Yet it not clear that Crux's counsel made an unintended legal error, either. I note that Crux's complaint cites to the venue provision of the Miller Act, suggesting Crux was aware of it. *See* Compl. ¶¶ 1-2 [Doc. # 1] (citing 40 U.S.C. § 3133(b)(3)(B)). Whether Crux misfiled this case in the District of Colorado inadvertently or deliberately, I cannot say. I can say, however, that Crux has failed to meet its burden of showing that this case "was filed in good faith," rather than after "plaintiff either realized or should have realized that the forum in which he or she filed was improper." *Trujillo*, 465 F.3d at 1223. Indeed, the facts and law relating to venue in this case could hardly have been clearer. This factor weighs strongly in favor of dismissal.

Crux argues that it "may be" precluded from re-asserting its Miller Act claim because that claim is subject to a one-year statute of limitations that begins to run on "the day on which the last of the labor was performed or material was supplied by the person bringing the action."

Doc. # 14 ¶¶ 10-11; 40 U.S.C. § 3133(b)(4); *see also* Doc. # 19 ¶ 6 (Crux noting "risk" that statute of limitations has run).  Crux also argues that its claims are likely to have merit.  While these arguments appear to be well-founded, they do not outweigh Crux's marked failure to demonstrate good faith in filing this case in the District of Colorado.  *See, e.g., Hapaniewski v. City of Chicago Heights,* 883 F.2d 576, 580 (7th Cir. 1989) (rejecting argument "that the running of the statute of limitations alone mandates a transfer of venue").  In addition, I am concerned that transferring this case would reward the careless or deliberate filing of cases in obviously improper venues.  *See Spar*, 956 F.2d at 394.

On balance, therefore, I conclude that Crux has not met its burden of showing that transfer is in the interest of justice, and I will dismiss this case without prejudice.  While it may be true that "plaintiffs here are being penalized for the errors of their attorneys," there is "no indication that Congress intended district courts, in addressing whether to transfer an action under . . . section 1406(a), to disregard our well-recognized systemic norm that litigants are bound by the actions of their attorneys."  *Nichols*, 991 F.2d at 1202.  I note that I do not decide whether Crux's Miller Act claim is actually time-barred.  I also decline Crux's invitation to find that NASIC "is judicially estopped from asserting a statute of limitations defense to Crux's claims in a new proceeding in Idaho."  Doc. # 19 ¶ 6.  That issue is more appropriately addressed by the District of Idaho in the event Crux reasserts its claims there.

### IV.  Conclusion

For the foregoing reasons, it is

**ORDERED** that NASIC's Motion to Dismiss for Improper Venue [Doc. # 11] is **GRANTED**.  It is

**FURTHER ORDERED** that Crux Subsurface, Inc.'s Motion, in the Alternative, to Transfer Proceeding to District of Idaho Pursuant to 28 U.S.C. § 1406(a) [Doc. # 15] is **DENIED**. It is

**FURTHER ORDERED** that the complaint [Doc. # 1] is **DISMISSED WITHOUT PREJUDICE**. It is

**FURTHER ORDERED** that Defendants shall have their costs.

DATED: December   15  , 2015, at Denver, Colorado.

                                  BY THE COURT:

                                    s/Lewis T. Babcock  
                                  LEWIS T. BABCOCK, JUDGE